**INSURANCE COMPANY OF NORTH AMERICA, Rockwell International Corp., Plaintiffs,**

v.

**M/V ATLANTIC CORONA, (Now "Corona"), her engines, boilers, tackle, etc., Atlantic Container Line Groupement D'Interest Economique Regi Par L'Ordonnance Du 23 Sept. 1967 (ACL) Atlantic Container Line, Ltd., Corona Scitiffarhtsges M.B.H., Defendants.**

**No. 87 Civ. 2212 (JFK).**

United States District Court, S.D. New York.

Feb. 2, 1989.

Harold M. Kingsley, New York City (Harold M. Kingsley, David R. Crowe, of counsel), for plaintiffs.

plied to indemnity actions by a non-carrier agent against the actual carrier.

DeOrchis & Partners, New York City (Vincent M. DeOrchis, Diane M. Rollo, M.E. DeOrchis, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

KEENAN, District Judge:

### THE MOTION

Defendants move for partial summary judgment limiting defendants' liability pursuant to the Protocol amending the International Convention for Unification of Certain Laws Relating to Bills of Lading of 1979 (the "Protocol").

### BACKGROUND

Plaintiffs bring this action for damage to goods shipped by defendants. A printing press weighing 21,844 kilograms was to be shipped from Liverpool, England aboard the M/V Atlantic Corona to Wilmington, North Carolina pursuant to a bill of lading issued at Liverpool. The bill of lading was dated January 28, 1985. The shipment was damaged during the trip and was discharged at Halifax, Canada on February 7, 1985. The receiver, plaintiff Rockwell International Corp. ("Rockwell"), subsequently rejected delivery of the shipment.

Plaintiffs brought this suit for damages for breach of contract on September 15, 1986 in the Eastern District of North Carolina. The matter was transferred to this Court. All parties have agreed that the United States Carriage of Goods by Sea Act (COGSA) does not apply to this action because that Act does not apply to goods carried on deck. *See* 46 U.S.C.App. § 1301(c). The bill of lading for the goods in question was marked "stowed on deck."

Defendants now move for partial summary judgment declaring that under the provisions of the bill of lading, the Protocol and its limitation of liability apply to this action. Plaintiffs oppose the motion arguing that the Protocol does not apply.

### DISCUSSION

Federal Rule of Civil Procedure 56(c) provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing the absence of evidence which support the nonmoving party's claim, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1984), and all inferences should be drawn in favor of the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

The parties agree that there are no relevant disputed facts. The only issue concerns the interpretation of the bill of lading, which states in pertinent part:

3. RESPONSIBILITY

1. ACL shall be responsible for the goods from the time when the goods are received by ACL at the sea terminal at the port of loading to the time when they are delivered or .despatched [sic] by ACL from the sea terminal at the port of discharge and also during any previous or subsequent period of carriage by water under this Bill of Lading subject to the Hague Rules contained in the International Convention for the unification of certain rules relating to Bills of Lading dated 25th August, 1924, *and any legislation making those rules compulsorily applicable to this Bill of Lading*, including the Carriage of Goods by Sea Act of the United States of America, approved 16th April, 1936, or the Canadian Water Carriage of Goods Act, 1936. *It is agreed, that such rules and legislation shall also apply to deck cargo and shall be deemed to incorporate (where this is not already the case) the amendments to the Hague Rules contained in the Protocol signed at Brussels on 23rd February 1968 (The Hague–Visby Rules).*

(emphasis added).

There are three laws relevant to this motion, all of which are international conventions ratified by maritime nations concerning the rights and liabilities of ocean

carriers. They are: The Hague Rules of 1924, the Hague–Visby Amendments of 1968 ("Hague–Visby Amendments") and the Protocol. The Hague–Visby Amendments were ratified by the United Kingdom in March 1982 and the Protocol in February 1984. The Hague–Visby Amendments contain a limitation on liability based on the gold standard and the Protocol, a limitation based on a Special Drawing Right ("SDR") standard.

Defendants argue that all three provisions apply pursuant to the bill of lading. They acknowledge that these rules are not applicable by their own terms to on deck cargo unless specified in a contract. Defendants argue, however, that the phrase "and any legislation making [the Hague Rules of 1924] compulsorily applicable to this Bill of Lading," refers to any legislation which is part of the compulsory law of the United Kingdom. Since the United Kingdom has ratified all three laws, making them part of British law, they are applicable to this Bill of Lading. Thus, defendants argue that the phrase that "such rules" apply to on deck cargo refers to these three laws.

Defendants put forth several reasons why it is logical that the Hague–Visby Amendments and the Protocol be incorporated into the Bill of Lading. Defendants assert that the SDR used in the Protocol is the most predictable and uniform standard. Defendants also contend that since these rules apply to cargo below deck, it makes sense that the parties would want these laws to govern cargo on deck as well.

■ Plaintiffs respond with several arguments. First, they contend that the jurisdiction clause (cl. 13) in the Bill of Lading provides for United States law, not English law. The Court rejects this argument and notes that the clause provides that "disputes ... shall be determined ... by the U.S. District Court for the Southern District of New York in accordance with the laws of the United States." The Court takes this to mean that this Court is obliged to use United States law to interpret the Bill of Lading, rather than that

United States law will govern the Bill of Lading.

Plaintiffs then argue that the phrase "such legislation" is too ambiguous and that since the Bill of Lading is a contract of adhesion, all ambiguities should be construed against the defendants as carriers. At best, plaintiffs contend the Bill of Lading can be read to incorporate the Hague–Visby Amendments, but not the Protocol. They argue that the notation "Rev. 4/78" on the Bill of Lading indicates that the carrier could not have intended to incorporate the Protocol of 1979.

■ The Court concludes that the bill of lading should be interpreted to adopt both the Hague–Visby Amendments and the Protocol. Neither party disputes that the bill of lading by its own terms, is governed by the Hague Rules of 1924. The bill of lading also specifically calls for the incorporation of the Hague–Visby Amendments of 1968. The issue here is whether the Protocol of 1979 can be considered "any legislation making [the Hague Rules of 1924] compulsorily applicable" to the bill of lading.

It is undisputed that the United Kingdom has ratified the 1979 Protocol. The Merchant Shipping Act of 1981 provides that the English Carriage of Goods by Sea Act of 1971 should be amended to include the following underlined phrase:

"the Rules" [in the English Carriage of Goods by Sea Act of 1971] means the International Convention for the unification of certain rules of law relating to bills of lading [of] 1924, as amended by the Protocol signed [in] 1968 *and by the Protocol signed at Brussels on 21st December 1979.*

It is clear that under English law, the 1979 Protocol was specifically adopted to amend the Hague Rules of 1924 and the Hague–Visby Amendments of 1968. Thus, the Court concludes that the 1979 Protocol should be considered part of the legislation making the Hague Rules applicable to the bill of lading. The Court also finds that the phrase "such rules and legislation ..." is not ambiguous but refers directly to the "rules" and "legislation" mentioned in the

previous sentence, namely the three provisions at issue here. Thus, the Court concludes that the 1979 Protocol applies to the bill of lading.

■ The plaintiffs' argument that the fact that the bill of lading was revised in 1978 precludes the application of the 1979 Protocol is unavailing. The Hague Rules of 1924 and the Hague–Visby Amendments of 1968 are already specifically included in the bill of lading. Thus, if the parties intended that only those provisions apply, there would not be any need to include the "and any legislation ..." phrase. That phrase, however, can be interpreted to provide for the inclusion of legislation of different countries or legislation subsequent to the 1968 amendments. Since the English Merchants Shipping Act of 1981 makes the Hague Rules of 1924 compulsorily applicable to the bill of lading and includes the changes in the 1979 Protocol, that legislation is applicable to the bill of lading regardless of the date of issuance of the form of the bill of lading.

Thus, the SDR standard in the 1979 Protocol applies. Since the issue of when the SDR exchange rate should be calculated is insufficiently briefed, the Court defers decision of this question until the time of trial.

## CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment is granted. Discovery is to be completed by March 31, 1989 and the action is to be ready for trial as of April 28, 1989. A copy of this Court's pre-trial requirements is enclosed.

SO ORDERED.